UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

MICHAEL SERRICCHIO, :
:
Plaintiff, :
:
V. : NO.
:
WACHOVIA SECURITIES, LLC and :
PRUDENTIAL SECURITIES, INC., :
:
Defendants : NOVEMBER 17, 2005

## COMPLAINT

Plaintiff Michael Serricchio brings this action for compensatory and liquidated damages pursuant to the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. § 4301, *et seq*. Plaintiff seeks redress for injury he has suffered because defendants interfered with and denied him the full benefits of his employment on the basis of his performance of active military service and failed to reemploy him after his discharge from active duty in the United States Air Force in accordance with the requirements of the Act.

In 2001, Mr. Serricchio was earning over $200,000 annually as a financial advisor with defendant Prudential Securities, Inc. As of September 2001, Mr. Serricchio – who was then 29 years old – had approximately 250 active brokerage accounts and over $25 million under management from client brokerage accounts, a book of business that he had developed personally over a 3 ½ year career as a financial advisor.

Michael Serricchio was also a reservist in the United States Air Force. In September 2001, he was called up and, ultimately served two years of active duty both in the United States and the Middle East.

The Uniformed Services Employment and Reemployment Rights Act required Mr. Serricchio's employer to protect his career during his absence on active military duty. The very purpose of the Act is to encourage non-career service in the uniformed services by eliminating or minimizing the disadvantages to civilian careers and employment which can result from prolonged active duty service by reservist personnel.

But Mr. Serricchio's employers – defendant Prudential Securities Inc. and its successor, defendant Wachovia Securities, LLC – did not protect his career. Rather, while Mr. Serricchio was away on active military duty, they systematically destroyed his client base and book of business. During Mr. Serricchio's absence, defendants reassigned Mr. Serricchio's client accounts to other brokers who claimed those accounts for themselves, removed Mr. Serricchio's name from the accounts, forbade Mr. Serricchio from contacting his clients or advising his clients of the reason for his absence, misled those clients who inquired about his whereabouts (falsely telling them that Mr. Serricchio was on vacation or out sick), and closed out client accounts. And, when Mr. Serricchio returned from active duty, defendant Wachovia refused to restore his book of business, offering him instead and lists of old dormant accounts (from which he could make cold-calls in the plainly futile task of developing a new book of business) and a token draw (of $2,000/month). As defendant Wachovia clearly knew, its offer provided Mr. Serricchio with no meaningful opportunity to earn a living and support his family and effectively forced him to seek work elsewhere, in a different profession.

Mr. Serricchio now brings this action for redress of the injuries he has suffered because defendants failed to protect his career and refused to restore the full benefits of his employment upon his return from active military service, in violation of the requirements of the USERRA.

I. **JURISDICTION**

1. The jurisdiction of this Court is invoked pursuant to 38 U.S.C. § 4323(b).

2. Venue is proper in this District pursuant to 38 U.S.C. § 4323(c) in that defendants maintain or maintained a place of business in the State of Connecticut and plaintiff was formerly employed by defendants at that Connecticut place of business.

II. **PARTIES**

3. Plaintiff Michael Serricchio is a resident of Westfield, Massachusetts.

4. Defendant Wachovia Securities, LLC ["Wachovia"] is a Delaware corporation with offices in Connecticut and nationwide.

5. Defendant Prudential Securities, Inc. ["Prudential"] is a Delaware corporation with offices nationwide. Defendant Prudential employed plaintiff at its offices in Connecticut through July 1, 2003 when Prudential was combined with the retail brokerage business of Wachovia Corporation to form defendant Wachovia Securities, LLC.

III. **CLAIM FOR RELIEF**

1. - 5. Paragraphs 1 through 5 of this Complaint are hereby incorporated as paragraphs 1 through 5 of the Claim for Relief.

6. Defendant Prudential recruited plaintiff in mid-2000 to accept employment as a financial advisor in its Stamford, Connecticut office. At the time, plaintiff was 28 years old and had been employed for approximately 2 ½ years at Morgan Stanley Dean Witter ["Morgan Stanley"] where he was building a successful career as a financial advisor.

7.    When plaintiff began his employment with defendant Prudential in October 2000, he brought with him from Morgan Stanley over 200 accounts totaling over $20 million in assets under management and generating over $400,000 in annual revenues. As of September 2001, within one year of employment at Prudential, plaintiff had approximately 250 active brokerage accounts and over $25 million under management. As of September 2001, plaintiff had annualized earnings from his accounts of over $200,000 and projected commission earnings for his second year of employment of $300,000.

8.    At the time plaintiff joined defendant Prudential, he was a member of the United States Air Force Reserves. In late September 2001, plaintiff received notice that his reserve unit had been activated. He was given orders to report for active duty as a member of the USAF 439th Security Forces, which he did on September 30, 2001. Plaintiff provided defendant Prudential with prompt notice of his activation.

9.    During plaintiff's active duty service (which continued into 2003), plaintiff served in Saudi Arabia and at Westover Air Force Base in Chicopee, Massachusetts. (Plaintiff's initial tour of active duty was extended by the Air Force in September 2002.)

10.   Effective July 1, 2003, while plaintiff was on active duty with the Air Force, defendant Prudential was combined with the retail brokerage business of Wachovia Corporation to form defendant Wachovia Securities, LLC, and plaintiff became an employee of Wachovia on military leave status. In addition, while plaintiff was on active duty, defendant Prudential relocated its Stamford office operations to Westport, and defendant Wachovia maintained the Westport office after July 2003.

11.     During plaintiff's tour of active duty, defendants Prudential and Wachovia failed to protect plaintiff's accounts, completely destroying his book of business and ability to earn an income from brokerage commissions:

a.      Instead of safeguarding plaintiff's accounts during his active duty by appointing a "caretaker" financial advisor to supervise the accounts on a non-commission basis until plaintiff's return to employment, defendant Prudential re-assigned his accounts to new brokers who had an interest (adverse to plaintiff's) in developing their own, long-term broker-client relationship with the accounts and worked the accounts on a commission basis. The new brokers assigned to plaintiff's accounts further sought to replace plaintiff permanently as the financial advisor on the accounts and were not instructed that it was impermissible for them to do so. Defendant Wachovia continued this mis-handling of plaintiff's accounts after July 2003.

b.      Defendant Prudential also removed plaintiff's name from the accounts and the account statements sent to his clients. Plaintiff's clients were not advised of the reason for the account reassignments or the reason for his absence. Plaintiff's clients received letters advising them of the reassignment without explanation of the reason for the reassignment. When plaintiff's clients called for explanation, defendant Prudential affirmatively misled them, informing them that plaintiff was "on vacation" or "out sick." Defendant Wachovia continued this conduct after July 2003.

c.      Defendants further instructed plaintiff that he was not permitted to communicate with his clients and was prohibited from advising them of the reason for his absence. And defendants further forbade plaintiff's partner from communicating with plaintiff about the accounts.

5

      d.    Finally, when – as a result of the lack of client contact with their broker and no explanation for the absence of communication – plaintiff's accounts did not perform well, defendants closed out many of plaintiff's accounts, terminating the company's business relationship with plaintiff's clients, in his absence.

12.    Moreover, defendants not only destroyed plaintiff's existing accounts base, they further failed to safeguard his legal rights in a manner that severely prejudiced his future career opportunities and reputation. During the term of plaintiff's active duty, defendant Prudential unilaterally settled a complaint that had been filed against plaintiff accusing him of acts of misconduct in the performance of his duties as a financial advisor at Prudential. Plaintiff had denied any misconduct and had never agreed to (or even been advised of) defendant's intended resolution of the complaint. The settlement entered into by defendant Prudential has caused detrimental information to be filed against plaintiff on his U-4, creating a further impairment to any attempt by him to rebuild his career in the financial services industry. Despite being notified of defendant Prudential's wrongful conduct, defendant Wachovia has failed to rectify this improper action.

13.    In November 2003, after plaintiff was honorably discharged from active duty, and within 90 days of discharge, plaintiff provided defendant Wachovia with notice of his release from active duty and his desire to return to his position. Defendant Wachovia did not respond to plaintiff's notice for over three months. At the time of his application to return to his position, plaintiff was, and still is, qualified to perform the duties of the position.

14.    Plaintiff was, finally, invited to meet with his branch manager at defendant Wachovia's Westport office in or about March 2004. At that time, instead of restoring plaintiff's

6

previous book of business and providing plaintiff with either a meaningful opportunity to replicate his pre-active duty commissions earnings or an appropriate equivalent salary, his manager at Wachovia offered him only lists of old, dormant accounts and told plaintiff that he could try the futile task of developing a new base for his business from the lists of dormant accounts. Upon his return, in place of the $200,000 annualized commissions plaintiff was earning at the time of his activation, plaintiff was offered a token draw of $2,000 per month while he attempted to re-build his commission business.

15.     Plaintiff advised defendant Wachovia that, by re-assigning his accounts and destroying his book of business, and by offering him nothing more than the futile task of cold-calling dormant accounts, defendant Wachovia had left plaintiff with no meaningful opportunity to earn a living and support his family, had made it futile for him to return to employment with defendant Wachovia, in violation of 38 U.S.C. § 4313, and had effectively constructively discharged him from his employment, in violation of 38 U.S.C. § 4311.

16.     Defendant Wachovia refused and still refuses to restore plaintiff to a position of appropriate seniority, status, pay and benefits of employment and continues to deny plaintiff benefits of his employment, in violation of 38 U.S.C. §§ 4311 and 4313.

17.     Defendant Wachovia unlawfully and willfully failed to promptly reemploy plaintiff upon his discharge from active duty military service in an appropriate position of like seniority, status and pay, in violation of 38 U.S.C. § 4313.

18.     Defendants unlawfully and willfully interfered with and denied plaintiff Michael Serricchio the full benefits of his pre-active duty employment on the basis of plaintiff's performance of active duty military service, in violation of 38 U.S.C. § 4311(a).

7

19. Defendants unlawfully and willfully discriminated in employment and took adverse action against plaintiff Michael Serricchio, interfering with and denying him the full benefits of his pre-active duty employment, because plaintiff exercised his rights provided in USERRA or took action to enforce protections afforded him by USERRA, in violation of 38 U.S.C. § 4311(b).

20. As a result of defendants' actions as aforesaid, plaintiff Michael Serricchio has sustained and will in the future sustain financial loss, including lost wages and benefits and severe impairment to his career and future career opportunities and earnings.

21. Defendants' failure to comply with the provisions of the Uniformed Services Employment and Reemployment Rights Act and their violations of plaintiff's federally protected rights as aforesaid were willful.

## V.  PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for the following relief:

1. An order, pursuant to 38 U.S.C. § 4323(d)(1)(A), directing defendant Wachovia Securities, LLC to restore plaintiff to his former position (or to an appropriate comparable position) with the salary, status, position and benefits of employment which plaintiff enjoyed prior to his reporting for active duty in the United States Air Force in September 2001;

2. Compensatory damages pursuant to 38 U.S.C. § 4323(d)(1)(B) for plaintiff's lost past and future earnings and benefits;

3. Liquidated damages pursuant to 38 U.S.C. § 4323(d)(1)(C) for defendants' willful failure to comply with the provisions of USERRA;

4.  Attorney's fees and costs of this action, pursuant to 38 U.S.C. § 4323(h)(2); and

5.  Such other relief as the Court may deem appropriate.

                PLAINTIFF MICHAEL SERRICCHIO,

BY _____
DAVID S. GOLUB ct00145
JONATHAN M. LEVINE ct07584
SILVER GOLUB & TEITELL, LLP
184 ATLANTIC STREET
P.O. BOX 389
STAMFORD, CONNECTICUT 06904
(203) 325-4491
FACSIMILE: (203) 325-3769

CLAIM FOR JURY TRIAL

PLAINTIFF CLAIMS A TRIAL BY JURY.