UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MICHAEL SERRICCHIO,  :
    Plaintiff,  :
                                  :   Case No. 3:05CV1761 (JBA)
v.  :
                                  :
WACHOVIA SECURITIES, LLC, ET AL.,  :
    Defendants.  :

### RULING ON PLAINTIFF'S MOTION FOR LEAVE
### TO FILE AMENDED COMPLAINT [DOC. #18]

Plaintiff Michael Serricchio moves pursuant to Fed. R. Civ. P. 15(a) for leave to file an amended complaint adding new claims. For the reasons set forth below, plaintiff's motion is granted as to proposed additional counts two, three, five, and six, and denied as to count four.

I.  **Background**

On November 17, 2005, plaintiff Serrichio filed a one-count Complaint pursuant to the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. § 4301 et seq., which provides for federal jurisdiction, seeking redress for his employer's alleged interference with and denial of the benefits of his employment when he was called for active duty as a reservist. (Compl. [Doc. #1] at 1.) Defendant filed an Answer and Counterclaims [Doc. #12], to which plaintiff filed an Answer to Counterclaims [Doc. #14]. In moving for leave to file an amended complaint, plaintiff proposes adding five new counts (Proposed Am. Compl. [Doc. #18-2]), only two of which are

1

contested by defendants (Defs. Opp. Mem. [Doc. #19]): Count Two (breach of employment contract); and Count Four (breach of the implied covenant of good faith and fair dealing).

On October 4, 2000, plaintiff began working as a financial advisor for defendant Prudential Securities, Inc. ("PSI"), which merged in July 2003 with defendant Wachovia Securites, LLC ("Wachovia"). (Compl. at 1-2.) He signed an at-will employment contract and a promissory note[1] in the sum of $229,582.00 with PSI on October 6, 2000. (Promissory Note, Def. Ans. [Doc. #12] Ex. A; Employment Contract, Def. Ans. Ex. B.) On September 2001, plaintiff, a member of the U.S. Armed Forces Reserve, was called to serve what would ultimately be two years of active duty. (Compl. at 1-2.) On October 19, 2001, plaintiff signed a Repayment Agreement with PSI that provided for a salary advance during the time he would be on active duty. (Repayment Agreement, Def. Ans. Ex. E.) Plaintiff claims that defendants reassigned his client accounts to other brokers while he was away, and refused to restore his book of business upon his return in March 2004 (id. at 2), at which time he claims to have been constructively discharged.

## II. Standard

Fed. R. Civ. P. 15(a) provides that a party may amend its

---

[1] The interest rate and monthly payment amount in the Promissory Note were amended on April 16, 2001. (Amendment to Promissory Note, Def. Ans. Ex. C.)

2

pleading by leave of court, and such "leave shall be freely given when justice so requires." "However, in determining whether leave to amend should be granted, the district court has discretion to consider, inter alia, the apparent 'futility of amendment,' Grace v. Rosenstock, 228 F.3d 40, 53 (2d Cir. 2000) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).

**III. Discussion**

As only two of the five proposed additional counts are objected to, the Court limits its analysis to those counts.

**A.  Proposed Count Two: Breach of Contract**

Plaintiff's proposed second count claims that pursuant to the 2001 Employment Agreement he signed with Prudential, "in the event that plaintiff's employment was terminated without cause, plaintiff was entitled to receive all unpaid transitional/incentive compensation set forth in the Employment Agreement," and that because he was "constructively discharged by defendant Wachovia without cause," he should receive the transitional compensation. (Proposed Am. Compl. [Doc. #18-2] ¶¶ 19, 21.)  Defendant maintains that "the express terms of Plaintiff's Employment Agreement plainly establish that Plaintiff is not entitled to any transitional or incentive compensation due to his resignation." (Def. Opp. Mem. [Doc. #19] at 6.)

The two sections of the Employment Agreement relevant to this dispute over transitional compensation provide:

3

> 5.a. [I]nstallments of transitional compensation as described herein shall be paid to you provided that (a) you are not in default in making any payments owed by you to PSI; (b) you have not been terminated for cause as defined herein; and (c) you are still in the employ of PSI.
>
> 5.c. If you resign for any reason before completing five years of employment, . . . you will not be entitled to any unpaid amounts of transitional compensation.

(Employment Agreement, Def. Ans. Ex. B, at 4-5.) Although the Agreement as a whole is an at-will contract (id. ¶ 16), ¶ 5.a(b) includes a "for cause" provision whose meaning is unclear when read in conjunction with ¶ 5.a(c) requiring continued employment. It appears that a person who was terminated without cause — thereby satisfying ¶ 5.a(b) — and who therefore is not in the employ of PSI, would fail to satisfy ¶ 5.c. This strange result becomes more complicated when read with ¶ 5.c: for an employee who does not resign but, rather, is in effect constructively discharged — here, deprived of his book of business — before completing five years of employment, is s/he foreclosed from receiving transitional compensation?

The apparent ambiguities on the face of the contract prevent the Court from determining whether it would be futile for plaintiff to plead his breach of contract claim. Therefore, the Court will grant plaintiff's Motion with respect to proposed Count Two and reach the merits of this claim at a later juncture on a carefully developed record.

4

**B. Proposed Count Four: Breach of Implied Covenant of Good Faith and Fair Dealing**[2]

The proposed amended complaint alleges in count four: "defendant Wachovia breached the covenant of good faith and fair dealing implied by law in its employment agreement and relationship with plaintiff Michael Serricchio." (Proposed Am. Compl. ¶ 23.) Defendant objects to the inclusion of this claim on grounds of futility/failure to state a claim, arguing that under Connecticut law, an at-will employee has no cause of action for breach of the implied covenant of good faith and fair dealing. (Def. Opp. Mem. at 9-11.)

In Magnan v. Anaconda Indus., Inc., 479 A.2d 781 (Conn. 1984), the Connecticut Supreme Court held that an at-will employee has a right of action based on the implied covenant of good faith and fair dealing in his employment contract only "where the reason for his discharge involves 'impropriety . . . derived from some important violation of public policy.'" Id. at 789. Magnan did not intend "to transform a contract of employment terminable at the will of either party into one terminable only at the will of the employee or for just cause." Id. at 786-87. Since Magnan, Connecticut courts have "recognized

---

[2] Although the Employment Agreement provides that it "shall be governed by and construed in accordance with the substantive and procedural laws of the State of New York" (Employment Agreement, Def. Ans. Ex. B, ¶ 17), this choice-of-law provision is irrelevant because the Court's analysis of this count does not implicate construction of contractual provisions.

5

a limitation on the public policy exception to the at-will doctrine. . . : 'A finding that certain conduct contravenes public policy is not enough by itself to warrant the creation of a contract remedy for wrongful dismissal by an employer. The cases which have established a tort or contract remedy for employees discharged for reasons violative of public policy have relied upon the fact that in the context of their case the employee was otherwise without remedy and that permitting the discharge to go unredressed would leave a valuable social policy to go unvindicated.'" Burnham v. Karl & Gelb, P.C., 745 A.2d 178, 182 (Conn. 2000) (citing Atkins v. Bridgeport Hydraulic Co., 501 A.2d 1223, 1226 (Conn. App. Ct. 1985)); accord Rose v. James River Paper Co., 2 F. Supp. 2d 245, 255 (D. Conn. 1998) (GLG) (citing Bennett v. Beiersdorf, Inc., 889 F. Supp. 46, 49 (D. Conn. 1995)).

Based on the plain language of the Employment Agreement plaintiff signed with PSI, he was an at-will employee: "You are employed at will and may be terminated at any time with or without cause" (Employment Agreement, Def. Ans. Ex. B). Although plaintiff's claim, that he was unfairly treated and constructively discharged on account of his service as a reservist, alleges an act violative of public policy, because USERRA provides plaintiff with a statutory remedy, he cannot bring a claim for breach of the implied covenant of good faith

6

and fair dealing.  It would thus be futile for plaintiff to bring Count Four, and the Court thus denies his motion to amend on this Count.

**III. Conclusion**

Accordingly, plaintiff's Motion for Leave to File Amended Complaint [Doc. #18] is GRANTED on Counts Two, Three, Five, and Six, and DENIED on Count Four.  Plaintiff shall e-file his Amended Complaint in accordance with this ruling forthwith.

IT IS SO ORDERED.

/s/

JANET BOND ARTERTON, U.S.D.J.

**Dated at New Haven, Connecticut, this 5th day of February, 2007.**