# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
MICHAEL SERRICCHIO, :
:
        Plaintiff/Counterclaim-Defendant, :   No. 3:05-CV-1761 (JBA)
:
  v. :
:
WACHOVIA SECURITIES, LLC, :
:
        Defendant, :   April 24, 2009
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## DEFENDANT'S MEMORANDUM OF LAW ADDRESSING THE APPROPRIATE PREJUDGMENT INTEREST RATE AND ITS APPLICATION

SEYFARTH SHAW LLP
David B. Ross (ct 26960)
Gerald Pauling II (*pro hac vice*)
Devjani Mishra (ct 26688)
Brian D. Murphy (*pro hac vice*)
620 Eighth Avenue
New York, New York 10018-1405
Telephone: (212) 218-5500
Facsimile:  (212) 218-5526

*Attorneys for Defendant Wachovia Securities*

Wachovia Securities LLC respectfully submits this Memorandum of Law pursuant to the Court's direction in its Order entered March 20, 2009 that the parties address prejudgment interest calculations in accordance with 28 U.S.C. § 1961.

## ANALYSIS

### I.  STANDARD FOR CALCULATING PRE-JUDGMENT INTEREST IN ACCORDANCE WITH 28 U.S.C. § 1961

#### A.  Applicable Rate

A back pay award must account for the applicable prejudgment interest rate, which is calculated in accordance with 28 U.S.C. § 1961.[1]  Pursuant to 28 U.S.C. § 1961, "interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield…for the calendar week preceding the date of the judgment."  Id.  Further, the award to which the interest rate is to be applied should be divided *pro rata* over the appropriate time period and the interest should be compounded annually.  See Robinson v. Instructional Sys., Inc., 80 F. Supp. 2d 203, 208 (S.D.N.Y. 2000).  This methodology ensures that a plaintiff is adequately, but not overly, compensated.  See id.

Here, the Court issued its Memorandum of Decision on March 19, 2009.  The weekly average 1-year constant maturity Treasury yield for the preceding calendar week was 0.70%.[2]  Accordingly, 0.70% is the applicable prejudgment interest rate.

---

[1]  Counsel for the Plaintiff conceded during the damages of the trial of this matter that the federal rate would apply in a USERRA case.  (Oct. 8 Tr. 726: 1-6) (""And I think the better law is that you use the federal rate for prejudgment interest, and I'm not interested in arguing something that I don't think the law supports.").

[2]  The interest rates for 1-Year Constant Maturity Treasury Yield, in the week preceding the Court's judgment was as follows:

| Date | 1-Year Constant Maturity |
|---|---|
| March 9, 2009 | 0.69% |
| March 10, 2009 | 0.71% |
| March 11, 2009 | 0.71% |
| March 12, 2009 | 0.70% |
| March 13, 2009 | 0.67% |
| **Average** | 0.70% |

While some courts, without any reasoned analysis, have applied a rate based on the average annual rate of return on one-year T-Bills between the complained-of action and the date of judgment, this approach contravenes the clear language of the statute, which looks only to the weekly average one year constant maturity Treasury yield "*for the calendar week preceding the date of judgment*." 28 U.S.C. § 1961. Applying the annual rate of return for the entire backpay period increases the applicable rate to 3.23% and awards Plaintiff an unwarranted recovery greater than that mandated by statute. So far as we understand, this is the principal difference between the parties who otherwise appear to calculate the pre-judgment interest using similar methodology, although we have not seen Plaintiff's calculations in advance.[3]

### B. Pre-Judgment Interest May Only Be Calculated With Respect to Compensatory Damages and Not Liquidated Damages

The pre-judgment interest may be applied only to the compensatory portion of the damages awarded to Plaintiff, or to the amount of $389,453. "Prejudgment interest serves to compensate for the loss of use of money due as damages from the time the claim accrues until judgment is entered, thereby achieving full compensation for the injury those damages are intended to redress." Fink v. City of New York, 129 F. Supp. 2d 511, 525-26 (E.D.N.Y. 2001) (discussing award of prejudgment interest under USERRA). However, because prejudgment interest is compensatory, while liquidated damages are punitive, prejudgment interest cannot be

---

This information is available at: http://www.federalreserve.gov/releases/h15/20090316/.

[3] The following chart illustrates the methodology by which we arrive at the alternative 3.23% rate.

| Date | Average Interest Rate | Weighted Interest Rate |
|---|---|---|
| December 18, 2003-December 31, 2003 | 1.27% | 0.01% |
| January 1, 2004-December 31, 2004 | 1.89% | 0.36% |
| January 1, 2005-December 31, 2005 | 3.62% | 0.69% |
| January 1, 2006-December 31, 2006 | 4.94% | 0.94% |
| January 1, 2007-December 31, 2007 | 4.53% | 0.86% |
| January 1, 2008-December 31, 2008 | 1.83% | 0.35% |
| January 1, 2009-March 19, 2009 | 0.57% | 0.02% |
| **Average** | | 3.23% |

2

applied to the liquidated damages portion of an award.  See id. at 526 (declining to award prejudgment interest for liquidated damages portion of USERRA award); see also Reichman v. Bonsignore, Brignati and Mazzotta, P.C., 818 F.2d 278, 281 (2d Cir. 1987) (refusing to award prejudgment interest on liquidated damages portion of ADEA award, which Fink Court noted sets forth a damages provision very similar to USERRA); Mody v. General Electric Co., No. 04-CV-358, 2006 WL 3050834, at *2 (D. Conn. Oct. 25, 2006) (discussing impropriety of application of prejudgment interest to liquidated damages portion of award).

Accordingly, the Court should apply the 0.70% rate to only $389,453 of the damages award.

## II.  APPLICATION OF PRE-JUDGMENT INTEREST RATE TO THE DAMAGES AWARD IN THIS CASE

Applying the above-referenced principles in determining the appropriate amount of pre-judgment interest.  The pre-judgment interest must be applied in a *pro rata* manner over the appropriate time period.  Since the damages found by the Court (imputed "earnings less mitigation") were not the same for each year, we have applied the 0.70% rate to each year's "earnings less mitigation" on a compound basis up to the Order date of March 19, 2009.  The results of our calculations are shown below, with the following assumptions:

1. For the year in which the imputed "earnings less mitigation" would have been earned, such earnings would have accrued monthly over the course of that year.  Averaging the months in the first half of this year against the months in the latter half of that year, we assume that Plaintiff had, on average, only ½ the year-end amount in the year earned.  This "half-year" convention only applies for the year in which the income is earned, and would be considered fully outstanding for any subsequent years.  For subsequent years, we applied the applicable rate to the full year-end amount, on a compound basis, to the date of judgment, including the partial year period (.21 of a year) in 2009.

3

2.  The Total Future Value ("FV") for the "earnings less mitigation" for each Year Earned compounded at the applicable rate until the date of the judgment is shown along with the "FV factor"; and the total pre-judgment interest for the "earnings less mitigation" for each Year Earned is shown in the final columns below. This is simply the difference between the Total Future Value and the imputed "earnings less mitigation" in the Year Earned.

The appropriate amount of prejudgment interest is reflected in the chart, below:

| Date | Earnings Less Mitigation | Partial Period at Beginning | Full Years | Partial Period 2009 | Total FV Period (years) | FV Factor | FV Adjusted (dollars) | Interest Only (dollars) |
|---|---|---|---|---|---|---|---|---|
| 12.18.03 | $3,667 | .04 | 5.0 | .21 | 5.25 | 1.0371 | 3802.97 | 135.97 |
| 2004 | $57,871 | .50 | 4.0 | .21 | 4.71 | 1.0332 | 59794.29 | 1923.29 |
| 2005 | $117,501 | .50 | 3.0 | .21 | 3.71 | 1.0261 | 120566.88 | 3065.88 |
| 2006 | $57,131 | .50 | 2.0 | .21 | 2.71 | 1.0190 | 58216.50 | 1085.50 |
| 2007 | $63,404 | .50 | 1.0 | .21 | 1.71 | 1.0120 | 64162.12 | 758.12 |
| 2008 | $70,376 | .50 | - | .21 | .71 | 1.0050 | 70725.23 | 349.23 |
| 2009 | $19,502 | - | - | .21 | .21 | 1.0015 | 19530.93 | 28.93 |
| **TOTAL** | | | | | | | | **7,346.92** |

Under the methodology *explicitly* set forth in 28 U.S.C. § 1961, Plaintiff would be entitled to prejudgment interest in the total amount of $7,346.92.[4]

## CONCLUSION

---

[4]  Departing from 29 U.S.C. § 1961, Plaintiff applies a greater rate of interest, which would yield the results reflected in the chart, below.

| Date | Earnings Less Mitigation | Partial Period at Beginning | Full Years | Partial Period 2009 | Total FV Period (years) | FV Factor | FV Adjusted (dollars) | Interest Only (dollars) |
|---|---|---|---|---|---|---|---|---|
| 12.18.03 | $3,667 | .04 | 5.0 | .21 | 5.25 | 1.1816 | 4331.01 | 666.01 |
| 2004 | $57,871 | .50 | 4.0 | .21 | 4.71 | 1.1617 | 67227.16 | 9356.16 |
| 2005 | $117,501 | .50 | 3.0 | .21 | 3.71 | 1.1253 | 132226.34 | 14725.34 |
| 2006 | $57,131 | .50 | 2.0 | .21 | 2.71 | 1.0901 | 62278.89 | 5147.89 |
| 2007 | $63,404 | .50 | 1.0 | .21 | 1.71 | 1.0560 | 66954.28 | 3550.28 |
| 2008 | $70,376 | .50 | - | .21 | .71 | 1.0229 | 71991.11 | 1615.11 |
| 2009 | $19,502 | - | - | .21 | .21 | 1.0034 | 19568.36 | 66.36 |
| **TOTAL** | | | | | | | | 35,127.15 |

For each of these reasons, Wachovia respectfully submits that the appropriate amount of pre-judgment interest with respect to the judgment entered on March 20, 2009 is $ 7,346.92.

Dated: April 24, 2009

                                            Respectfully submitted,

                                            SEYFARTH SHAW LLP

                                            By: s/ Devjani Mishra
                                            David B. Ross (ct 26960)
                                            Gerald Pauling II (*pro hac vice*)
                                            Devjani Mishra (ct 26688)
                                            Brian D. Murphy (*pro hac vice*)
                                            620 Eighth Avenue
                                            New York, New York 10018-1405
                                            Telephone: (212) 218-5500
                                            Facsimile:  (212) 218-5526
                                            Email:  dross@seyfarth.com

                                            *Attorneys for Defendant Wachovia Securities*

## CERTIFICATE OF SERVICE

I hereby certify that on April 24, 2009, Defendant's Memorandum of Law Addressing the Appropriate Prejudgment Interest Rate and Its Application was electronically filed with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to all counsel of record.

s/ Devjani Mishra
Devjani Mishra (ct 26688)
