UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Michael Serricchio,<br>    *Plaintiff,*<br><br>    *v.*<br><br>Wachovia Securities, LLC,<br>    *Defendant.* | Civil No. 3:05cv1761 (JBA)<br><br><br><br>June 17, 2009 |

**RULING ON MOTIONS TO QUASH**

"A request for attorney's fees should not result in a second major litigation." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Nevertheless, Plaintiff Michael Serricchio and Defendant Wachovia Securities, LLC ("Wachovia") once again stake out diametrically opposing positions in this case, this time concerning the reasonableness of Serricchio's request for attorney's fees and costs following judgment in his favor. *See generally Serricchio v. Wachovia Securities, LLC*, 606 F. Supp. 2d 256, 268 (D. Conn. 2009) (awarding Serricchio $778,906 in damages and granting him equitable relief following a jury verdict finding Wachovia liable). Serricchio seeks fees and costs in the amount of $968,653.05, an amount Wachovia characterizes as "excessive," "unreasonable," "hyperbol[ic]," "extravagan[t]," and "egregious."

After Wachovia filed its opposition to Serricchio's fee application, Serricchio served Wachovia's attorneys—at Seyfarth Shaw in New York and at Zeldes, Needle & Cooper in Bridgeport—with subpoenas seeking production of their billing records and expense invoices in connection with this litigation. Now before the Court are motions by Wachovia's attorneys to quash these two subpoenas on relevance grounds. *See Travelers Indem. Co. v. Metro. Life Ins. Co.*, 228 F.R.D. 111, 113 (D. Conn. 2005) (noting that a subpoena shall be

quashed if it places an "undue burden" on a person by, for example, seeking irrelevant information).

Wachovia contends that its counsel's billing records simply have no bearing on the Court's determination of a reasonable fee for Serricchio's attorneys. According to Wachovia's attorneys, they practice in distinct legal markets and serve a client with different interests and incentives than Serricchio. Thus, Wachovia's attorneys maintain, their billing rates are not relevant because Second Circuit law "approv[es] of divergent rates between Connecticut and New York attorneys," *see Chambless v. Masters, Mates & Pilots Pension Plan*, 885 F.2d 1053, 1058–59 (2d Cir. 1989), and the amount of hours they billed is also not relevant because their litigation responsibilities are not comparable to the work of Plaintiff's counsel, *see Mirabal v. General Motors Acceptance Corp.*, 576 F.2d 729, 731 (7th Cir. 1978).

Serricchio persuasively argues, however, that the better approach is to permit discovery of an opponent's billing records and then, in comparing the work performed by each side's attorneys, regard differences in the parties' burdens and incentives as relevant to the weight of the records, not whether the records are discoverable. In fact, authority in support of this proposition can be found in Wachovia's own reply brief. Contending that the cases Serricchio cites "fail to support his request that the Court examine the time spent by Wachovia's attorneys in order to evaluate whether the hours billed by Plaintiff's counsel were reasonable," Wachovia references *Shaw v. AAA Engineering & Drafting, Inc.*, 213 F.3d 538, 542–43 (10th Cir. 2000), *Black v. Lojac Enterprises, Inc.*, 117 F.3d 1420 (6th Cir. 1997), and *Henson v. Columbus Bank & Trust Co.*, 770 F.2d 1566, 1574 (11th Cir. 1985).

According to Wachovia's reading of *Shaw*, the Tenth Circuit panel "expressly declined to evaluate the reasonableness of the 804 hours expended by Plaintiff's counsel

against the 425 hours expended by defense counsel." (Wachovia's Reply [Doc. # 259] at 5.)

But the actual text of *Shaw* belies that characterization:

> Evidence of the hours expended by opposing counsel may be helpful in determining whether time expended on a case was reasonable, but the opponent's time is not an "immutable yardstick of reasonableness." *Robinson v. City of Edmond*, 160 F.3d 1275, 1284 (10th Cir. 1998) (reviewing attorney's fees award under 42 U.S.C. § 1988). The district court had first-hand knowledge of the complexity of the case and the voluminous number of documents Shaw, who had the burden of proof, presented at trial. *See Hensley*, 461 U.S. at 437. The district court did not abuse its discretion in finding counsel's hours reasonable in spite of the contrast with defense counsel's time.

213 F.3d at 543. And contrary to Wachovia's view of *Black*, in that case the Sixth Circuit expressed a similar view about the potential relevance of opposing counsel's billing records:

> Likewise, the district court properly denied fees for Black's motion to compel the production of Lojac's billing statements. Undoubtedly, where the issue of the reasonableness of the time expended is fully joined, the amount of time spent by the opposing party is a relevant benchmark as to the amount of time reasonably required. *Mitroff v. Xomox Corp.*, 631 F.Supp. 25, 28 (S.D. Ohio 1985). In the matter at bar, however, the motion to compel was entirely unreasonable at that time given that Black had simply failed to provide Lojac or the district court with the means by which to make an informed assessment of the reasonableness of the time claimed. A global summary reveals very little. Black's efforts would have been more productively directed to adequately documenting his own fee request. The time spent on the motion to compel being unreasonably expended, no corresponding fees were in order. *Hensley*, 461 U.S. at 434.

117 F.3d 1420, 1997 WL 377051, at *4 (6th Cir. July 2, 1997) (unpublished disposition).

Perhaps most illuminating is the Eleventh Circuit's opinion in *Henson v. Columbus Bank & Trust Co.* In its brief, Wachovia quotes *Henson*'s observations that "the number of hours needed by one side to prepare adequately may differ substantially from that of opposing counsel because the nature of the work on each side may differ dramatically" and

because "the case may have far greater precedential value for one side than the other." 770 F.2d at 1574. Lacking any further context, one might have the impression that the Eleventh Circuit was disapproving of looking to an opponent's billing records in evaluating the reasonableness of a fee request. That impression would be mistaken, however, because a more faithful reference to the case would have included the language the panel used on either side of that quote:

> In considering awards for [truth-in-lending] cases, we consider the same factors and concerns that we consider in other attorneys' fees cases. *See McGowan v. Credit Center of North Jackson, Inc.*, 546 F.2d 73, 77 (5th Cir. 1977); *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974). We have on occasion questioned whether the number of hours spent on a case by defense counsel is relevant to a determination of the reasonable fees for plaintiffs' attorneys. *See Harkless v. Sweeny Independent School District*, 608 F.2d 594, 598 (5th Cir. 1979). Our reasoning has been that the number of hours needed by one side to prepare adequately may differ substantially from that of opposing counsel because the nature of the work on each side may differ dramatically. Additionally, the case may have far greater precedential value for one side than the other. *See Johnson v. University College of the University of Alabama in Birmingham*, 706 F.2d 1205, 1208 (11th Cir.), *cert. denied*, 464 U.S. 994 (1983). We have acknowledged, however, that in some cases it would be proper to allow the discovery of and use of such evidence. *See id.*

770 F.2d at 1574–75. Indeed, the *Henson* court considered the matter before it such a case where discovery of billing records was appropriate:

> CB&T has spiritedly contested Henson's claims at every stage, including the reasonableness of his petition for attorneys' fees. While CB&T is entitled to contest vigorously Henson's claims, once it does so it cannot then complain that the fees award should be less than claimed because the case could have been tried with less resources and with fewer hours expended.

*Id.* at 1575. Under these circumstances, the panel concluded, it was an abuse of discretion *not* to allow discovery of the defendant's billing records. *Id.* As the court held:

> In light of the concerns the district court expressed regarding the reasonableness of the hours claimed in Henson's petition, it would seem most appropriate for the court to have allowed discovery of the evidence in question. While the concerns noted earlier regarding the relevancy of evidence of the other side's hours and fees are still prevalent, the trial judge may consider them as going to the weight of the evidence rather than its discoverability and admissibility.

*Id.*

Thus, it may be proper to permit a prevailing party to take discovery of its opponent's billing records where that opponent claims that the hours plaintiff's counsel expended were grossly excessive. As Wachovia makes clear in its memorandum in opposition to Serricchio's fee application, this case involves precisely that situation. Serricchio is not seeking the "fee parity" that the Second Circuit rejected in *Chambless*, 885 F.2d at 1059, nor is he "attempting to shift the burden to the Defendant of proving the reasonableness of their own fees by having defense counsel produce their time sheets and defend the reasonableness of their efforts," *Zhang v. GC Services, LP*, 537 F. Supp. 2d 805, 809 (E.D. Va. 2008). Having already submitted a detailed and thoroughly documented fee application, Serricchio says that he has requested Wachovia's billing records only "to rebut defendant's factual contentions that [Plaintiff's] counsel expended an exorbitant number of hours litigating this case and charged grossly excessive fees." (Pl.'s Opp'n [Doc. # 257] at 13.) Under these circumstances, because a comparison of each side's records may aid the Court in divining the reasonable fees and costs to be awarded in this case, Serricchio's discovery request is not unreasonable.

The Second Circuit's opinion in *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182 (2d Cir. 2008), is not to the contrary. In that case, the court exhaustively surveyed the state of the law on awards of attorney's fees and clarified that, in determining a reasonable fee, a district court should consider all the "case-specific

variables," including the factors listed in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1979). *Arbor Hill*, 522 F.3d at 190. But, according to the Second Circuit, "in determining what a reasonable, paying client would be willing to pay," a court should further consider, for example, "the resources required to prosecute the case effectively (taking account of the resources being marshaled on the other side but not endorsing scorched earth tactics)." *Id.* at 184. This guidance is consistent with the earlier statement in *Chambless* that "[t]here may be instances when district courts will want to consider—among the myriad of other factors—the fees charged by opposing counsel." 885 F.2d at 1059.

In short, evidence of how much work Wachovia's attorneys devoted to various pieces of this case may well be a useful measure of whether Serricchio's attorneys spent a reasonable amount of time working on those same matters. By putting essentially Serricchio's counsel's entire approach to this case at issue, Wachovia cannot now plausibly claim that its own litigation tactics and efforts have absolutely no bearing on the question of whether Serricchio's attorneys are seeking compensation commensurate with the circumstances of this case.

Finally, Wachovia's brief, generalized reference to "significant burden and expense" as an independent basis for quashing the subpoenas is premised on its position that this production will "yield[] virtually no relevant evidence," which the Court rejects. (Wachovia's Mem. [Doc. # 254] at 6.) The discovery Serricchio seeks will potentially be relevant, and so the Court will permit it.

Accordingly, the motions to quash [Doc. ## 252, 255] are denied. Wachovia's attorneys shall comply with the subpoenas forthwith, and Serricchio's reply brief in support of his application for fees and costs is due one week following counsel's production of the billing records and expense invoices sought.

IT IS SO ORDERED.

/s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 17th day of June, 2009.